| UNITED STATES BANKRUPTCY COURT<br>**NORTHERN DISTRICT OF ALABAMA, NORTHERN DIVISION** | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Tidmore, Wayne Allen** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Tidmore, Linda Reed** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): **1084** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): **8873** |
| Street Address of Debtor (No. and Street, City, and State):<br>**5176 Co. Rd. 23**<br>**Mt. Hope, Alabama**<br>ZIP CODE **35651** | Street Address of Joint Debtor (No. and Street, City, and State):<br>**5176 Co. Rd. 23**<br>**Mt. Hope, Alabama**<br>ZIP CODE **35651** |
| County of Residence or of the Principal Place of Business:<br>**LAWRENCE** | County of Residence or of the Principal Place of Business:<br>**LAWRENCE** |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check **one** box.) | Nature of Business<br>(Check **one** box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check **one** box.) |
|---|---|---|
| [x] Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>[ ] Corporation (includes LLC and LLP)<br>[ ] Partnership<br>[ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.) | [ ] Health Care Business<br>[ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>[ ] Railroad<br>[ ] Stockbroker<br>[ ] Commodity Broker<br>[ ] Clearing Bank<br>[ ] Other | [ ] Chapter 7   [ ] Chapter 15 Petition for<br>[ ] Chapter 9       Recognition of a Foreign<br>[ ] Chapter 11     Main Proceeding<br>[ ] Chapter 12  [ ] Chapter 15 Petition for<br>[x] Chapter 13     Recognition of a Foreign<br>               Nonmain Proceeding |

| Chapter 15 Debtors | Tax-Exempt Entity<br>(Check box, if applicable.) | Nature of Debts<br>(Check **one** box.) |
|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | [ ] Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | [x] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."  [ ] Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| [x] Full Filing Fee attached.<br><br>[ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>[ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>[ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>[ ] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>[ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>[ ] A plan is being filed with this petition.<br>[ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| [x] Debtor estimates that funds will be available for distribution to unsecured creditors.<br>[ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| [x] 1-49 | [ ] 50-99 | [ ] 100-199 | [ ] 200-999 | [ ] 1,000-5,000 | [ ] 5,001-10,000 | [ ] 10,001-25,000 | [ ] 25,001-50,000 | [ ] 50,001-100,000 | [ ] Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| [ ] $0 to $50,000 | [ ] $50,001 to $100,000 | [x] $100,001 to $500,000 | [ ] $500,001 to $1 million | [ ] $1,000,001 to $10 million | [ ] $10,000,001 to $50 million | [ ] $50,000,001 to $100 million | [ ] $100,000,001 to $500 million | [ ] $500,000,001 to $1 billion | [ ] More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| [ ] $0 to $50,000 | [x] $50,001 to $100,000 | [ ] $100,001 to $500,000 | [ ] $500,001 to $1 million | [ ] $1,000,001 to $10 million | [ ] $10,000,001 to $50 million | [ ] $50,000,001 to $100 million | [ ] $100,000,001 to $500 million | [ ] $500,000,001 to $1 billion | [ ] More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s): **Tidmore, Wayne Allen and Tidmore, Linda Reed** |
|---|---|

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.)

| Location<br>Where Filed: | Case Number: | Date Filed: |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.)

| Name of Debtor: **NONE** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| Exhibit A<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐    Exhibit A is attached and made a part of this petition. | Exhibit B<br>(To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.  I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X    __s/Michael F.Terry__          __February 13, 2015__<br>     Signature of Attorney for Debtor(s)        (Date)<br>     **Bar No.: ASB-3787-R67M** |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐    Yes, and Exhibit C is attached and made a part of this petition.

☒    No.

**Exhibit D**

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☒    Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☒    Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☒    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐    Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐    Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐    Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition *(This page must be completed and filed in every case.)* | Name of Debtor(s): **Tidmore, Wayne Allen and Tidmore, Linda Reed** |
|---|---|

**Signatures**

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **s/Wayne Allen Tidmore**
Signature of Debtor **Wayne Allen Tidmore**

X **s/Linda Reed Tidmore**
Signature of Joint Debtor **Linda Reed Tidmore**

Telephone Number (if not represented by attorney)
**February 13, 2015**
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

### Signature of Attorney*

X **s/Michael F. Terry**
Signature of Attorney for Debtor(s)
**Michael F. Terry**
Printed Name of Attorney for Debtor(s)
**Michael F. Terry, Attorney**
Firm Name

**PO Box 581**
**Moulton, Alabama 35650**
Address
**(256) 974-8825**
Telephone Number
**February 13, 2015**
Date
**Bar No.: ASB-3787-R67M**
**Fax: (256) 974-8858**
**E-mail: mikefterry@aol.com**

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____
Signature

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

In re  **Wayne Allen Tidmore and Linda Reed Tidmore,**                    Case No. _____
                                  **Debtor**                                                                    **(If known)**

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | Husband, Wife, Joint, or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Primary Residence - Single Family Home<br><br>5176 Co. Rd. 23, Mt. Hope, AL | Joint Tenancy with Right of Survivorship | J | $101,790.00 | $71,534.00 |
| 6 acres<br><br>5176 Co. Rd. 23, Mt. Hope, Al | Joint Tenancy with Right of Survivorship | J | $16,880.00 | $0.00 |
| | | Total ▶ | $118,670.00 | |

(Report also on Summary of Schedules.)

In re  **Wayne Allen Tidmore and Linda Reed Tidmore,**_____     Case No. _____
_____**Debtor**                                          **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | Husband, Wife, Joint, Or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | checking account at AL Central Credit Union | J | $25.00 |
| | | checking account at CBS Bank | J | $1,000.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | household goods and furnishings | J | $2,570.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | wearing apparel | J | $600.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |

In re  Wayne Allen Tidmore and Linda Reed Tidmore,_____     Case No. _____
                                          **Debtor**                                                                        **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | Husband, Wife, Joint, Or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |

In re **Wayne Allen Tidmore and Linda Reed Tidmore,** _____     Case No. _____
                                       **Debtor**                                    **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | Husband, Wife, Joint, Or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2010 Ford Fusion | J | $5,975.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

          2 continuation sheets attached      Total ▶ | | | | $10,170.00

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

In re **Wayne Allen Tidmore and Linda Reed Tidmore,**          Case No. _____

                          **Debtor**                                                      **(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:      ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                        $155,675.*
☐ 11 U.S.C. § 522(b)(2)
☐ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Home & 1 acre at 5176 Co. Rd. 23, Mt. Hope, AL | Ala. Code § 6-10-2 | $10,000.00 | $101,790.00 |
| checking account at AL Central Credit Union | Ala. Code § 6-10-6 | $25.00 | $25.00 |
| checking account at CBS Bank | Ala. Code § 6-10-6 | $1,000.00 | $1,000.00 |
| wearing apparel | Ala. Code § 6-10-6 | $600.00 | $600.00 |
| household goods and furnishings | Ala. Code § 6-10-6 | $2,570.00 | $2,570.00 |
| 2010 Ford Fusion | Ala. Code § 6-10-6 | $916.00 | $5,975.00 |

*\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B 6D (Official Form 6D) (12/07)

In re <u>Wayne Allen Tidmore and Linda Reed Tidmore</u>,   Case No. _____
            **Debtor**                                                                              **(If known)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See Instructions Above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **7.01** <br> **Alabama Central Credit Union** <br> **3601 4th Ave. S** <br> **Birmingham, AL 35222** | | **J** | **12/09/2009** <br> **Purchase-Money Security Interest** <br><br> **2010 Ford Fusion** <br><br> VALUE $ **$5,975.00** | | | | **$5,059.00** | **$0.00** |
| ACCOUNT NO. **5185** <br> **Citifinancial** <br> **PO Box 183172** <br> **Columbus, OH 43218-3172** | | **J** | **First Mortgage** <br><br> **Home & 1 acre at 5176 Co. Rd. 23, Mt. Hope, AL** <br><br> VALUE $ **$101,790.00** | | | | **$71,534.00** | **$0.00** |

<u> 0 </u> continuation sheets
         attached

Subtotal ▶
(Total of this page)

Total ▶
(Use only on last page)

| | |
|---|---|
| $ **76,593.00** | $ **0.00** |
| $ **76,593.00** | $ **0.00** |

(Report also on Summary of Schedules.)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

In re <u>Wayne Allen Tidmore and Linda Reed Tidmore</u>,      Case No._____
                        Debtor                                              *(if known)*

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

[X]  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

[ ] **Domestic Support Obligations**

    Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

[ ] **Extensions of credit in an involuntary case**

    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

[ ] **Wages, salaries, and commissions**

    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

[ ] **Contributions to employee benefit plans**

    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

[ ] **Certain farmers and fishermen**

    Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

[ ] **Deposits by individuals**

    Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

[ ] **Taxes and Certain Other Debts Owed to Governmental Units**

    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

[ ] **Commitments to Maintain the Capital of an Insured Depository Institution**

    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

[ ] **Claims for Death or Personal Injury While Debtor Was Intoxicated**

    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

*\* Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

<u>     0     </u> continuation sheets attached

In re **Wayne Allen Tidmore and Linda Reed Tidmore** , Case No. _____

<p style="text-align:center">Debtor</p>
<p style="text-align:right">(if known)</p>

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *See instructions above.* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> **1st Cash Express** <br> **14222 Hwy 43** <br> **Russellville, AL 35653** | | H | **12-10-2014** <br><br> **Personal Loan** | | | | **$470.00** |
| ACCOUNT NO. <br><br> **1st Cash Express** <br> **14222 Hwy 43** <br> **Russellville, AL 35653** | | H | **12-10-2014** <br><br> **Personal Loan** | | | | **$411.25** |
| ACCOUNT NO. <br><br> **Advance America** <br> **12441 AL Hwy 157** <br> **Moulton, AL 35650** | | W | **12-10-2014** <br><br> **Personal Loan** | | | | **$587.50** |
| ACCOUNT NO. <br><br> **Advance America** <br> **12441 AL Hwy 157** <br> **Moulton, AL 35650** | | H | **12-10-14** <br><br> **Personal Loan** | | | | **$470.00** |

<p style="text-align:right">Subtotal▶   $   <b>1,938.75</b></p>

_**6**_ continuation sheets attached

<p style="text-align:right">Total▶   $</p>
<p style="text-align:right">(Use only on last page of the completed Schedule F.)</p>
<p style="text-align:right">(Report also on Summary of Schedules and, if applicable, on the Statistical</p>
<p style="text-align:right">Summary of Certain Liabilities and Related Data.)</p>

In re **Wayne Allen Tidmore and Linda Reed Tidmore**
_____,     Case No. _____
                    **Debtor**                                                        **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.**<br><br>**AT&T**<br>**c/o Franklin Coll. Service**<br>**PO Box 3910**<br>**Tupelo, MS 38803** | | W | **02-14-2014**<br><br>**phone service** | | | | **$153.00** |
| **ACCOUNT NO.      0137**<br><br>**AT&T Mobility**<br>**PO Box 536216**<br>**Atlanta, GA 30353-6216** | | W | **01-26-2015**<br><br>**phone service** | | | | **$435.00** |
| **ACCOUNT NO.**<br><br>**Cash Masters**<br>**13724 Hwy 43**<br>**Russellville, AL 35653** | | H | **12-10-2014**<br><br>**Personal Loan** | | | | **$528.75** |
| **ACCOUNT NO.**<br><br>**Cash Masters**<br>**13724 Hwy 43**<br>**Russellville, AL 35653** | | W | **12-10-2014**<br><br>**Personal Loan** | | | | **$587.50** |

Sheet no. __**1**__ of __**6**__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal► $ **1,704.25**

Total► $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re **Wayne Allen Tidmore and Linda Reed Tidmore**_____,  Case No. _____
                        **Debtor**                                      **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** <br><br> **Cash Spot** <br> **110 Jackson Ave.** <br> **Russellville, AL 35653** | | W | **12-10-2014** <br><br> **Personal Loan** | | | | $528.75 |
| **ACCOUNT NO.** <br><br> **Cash Spot** <br> **110 Jackson Ave.** <br> **Russellville, AL 35653** | | H | **12-10-2014** <br><br> **Personal Loan** | | | | $528.75 |
| **ACCOUNT NO.** <br><br> **Cashmasters** <br> **14529 Court St.** <br> **Moulton, AL 35650** | | W | **12-10-14** <br><br> **Personal Loan** | | | | $587.50 |
| **ACCOUNT NO.** <br><br> **Cashmasters** <br> **14529 Court St.** <br> **Moulton, AL 35650** | | H | **12-10-14** <br><br> **Personal Loan** | | | | $587.50 |

Sheet no.__**2**__of__**6**__continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal► $ **2,232.50**

Total► $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re **Wayne Allen Tidmore and Linda Reed Tidmore**_____,  Case No. _____
         **Debtor**                                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** **Check Advance** **14001 Hwy 43** **Russellville, AL 35653** | | H | **12-10-2014** **Personal Loan** | | | | **$117.50** |
| **ACCOUNT NO.    8647** **Check N Go** **15046 Hwy 43** **Russellville, AL 35653** | | H | **8-13-2014** **Personal Loan** | | | | **$1,730.00** |
| **ACCOUNT NO.    5942** **Check N Go** **15046 Hwy 43** **Russellville, AL 35653** | | W | **09-10-2014** **Personal Loan** | | | | **$1,808.00** |
| **ACCOUNT NO.** **Laurence Carmichael** **c/o Odem & Odem Attorneys** **210 W Tennessee St** **Florence, AL 35630** | | W | **05-21-2014** **Medical Services** | | | | **$1,637.50** |

Sheet no.___**3**___of___**6**___continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal► $  **5,293.00**

Total► $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re <u>**Wayne Allen Tidmore and Linda Reed Tidmore**</u> , Case No. _____
    <span style="padding-left:3em">**Debtor**</span>           <span style="padding-left:8em">**(if known)**</span>

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** 4718 <br><br> **Liberty Finance** <br>**1400 Hwy 43 S, Ste 8** <br>**Russellville, AL 35653** | | W | **11-14-2014** <br><br> **Personal Loan** | | | | **$335.00** |
| **ACCOUNT NO.** 36-1 <br><br> **Liberty Finance** <br>**1400 Hwy 43 S, Ste 8** <br>**Russellville, AL 35653** | | H | **10/14/14** <br><br> **Personal Loan** | | | | **$356.53** |
| **ACCOUNT NO.** 6668 <br><br> **Security Finance** <br>**14001 Hwy 43, Ste 22** <br>**Russellville, AL 35653** | | H | **11-1-2014** <br><br> **Personal Loan** | | | | **$1,210.00** |
| **ACCOUNT NO.** 6458 <br><br> **Security Finance** <br>**14001 Hwy 43, Ste 22** <br>**Russellville, AL 35653** | | W | **11-01-2014** <br><br> **Personal Loan** | | | | **$1,210.00** |

Sheet no. <u>**4**</u> of <u>**6**</u> continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

<div align="right">Subtotal▶   $    <b>3,111.53</b></div>

<div align="right">Total▶   $<br>
(Use only on last page of the completed Schedule F.)<br>
(Report also on Summary of Schedules and, if applicable on the Statistical<br>
Summary of Certain Liabilities and Related Data.)</div>

In re **Wayne Allen Tidmore and Linda Reed Tidmore** _____ ,   Case No. _____
　　　　　　　　　　　　**Debtor**　　　　　　　　　　　　　　　　　　　**(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.**　　1913 **Sun Loans** **14001 Hwy 43, Ste 4** **Russellville, AL 35653** | | **H** | **12-18-2014** **Personal Loan** | | | | **$957.00** |
| **ACCOUNT NO.** **Title Cash** **14520 Hwy 43** **Russellville, AL 35653** | | **H** | **12-10-2014** **Personal Loan** | | | | **$587.50** |
| **ACCOUNT NO.** **Title Cash** **14520 Hwy 43** **Russellville, AL 35653** | | **W** | **12-10-14** **Personal Loan** | | | | **$587.50** |
| **ACCOUNT NO.**　　2272 **World Acceptance Corp of AL** **14001 Hwy 43, Ste 5** **Russellville, AL 35653** | | **W** | **11-14-2014** **Personal Loan** | | | | **$1,210.00** |

Sheet no. __**5**__ of __**6**__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal► | $ | **3,342.00**

Total► | $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re **Wayne Allen Tidmore and Linda Reed Tidmore** _____, Case No. _____
　　　　　　　**Debtor**　　　　　　　　　　　　　　　　　　　　**(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** 2155 <br><br> **World Acceptance Corp of AL 14001 Hwy 43, Ste 5 Russellville, AL 35653** | | H | **10-10-2014** <br> **Personal Loan** | | | | **$1,100.00** |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Sheet no. __6__ of __6__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

| | | |
|---|---|---|
| Subtotal▶ | $ | **1,100.00** |
| Total▶ <br> (Use only on last page of the completed Schedule F.) <br> (Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.) | $ | **18,722.03** |

In re **Wayne Allen Tidmore and Linda Reed Tidmore,**        Case No. _____

_____

         **Debtor**                                                    **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☒ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |

In re  **Wayne Allen Tidmore and Linda Reed Tidmore,**_____  Case No. _____
_____**Debtor**_____  **(if known)**

# SCHEDULE H - CODEBTORS

☒ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

**Fill in this information to identify your case:**

Debtor 1    **Wayne Allen Tidmore**
<br>First Name      Middle Name      Last Name

Debtor 2    **Linda Reed Tidmore**
<br>(Spouse, if filing) First Name      Middle Name      Last Name

United States Bankruptcy Court for: **Northern District of Alabama**

Case number
<br>(If known)

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition
<br>    chapter 13 income as of the following date:

_____
<br>MM / DD / YYYY

Official Form B 6I

# Schedule I: Your Income

12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:   Describe Employment

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| 1. | **Fill in your employment information.** | | |
| | If you have more than one job, attach a separate page with information about additional employers. | **Employment status**   ☐ Employed    ☒ Not employed | ☐ Employed    ☒ Not employed |
| | Include part-time, seasonal, or self-employed work. | | |
| | Occupation may Include student or homemaker, if it applies. | **Occupation** _____ | _____ |
| | | **Employer's name** _____ | _____ |
| | | **Employer's address** _____ | _____ |
| | | Number   Street | Number   Street |
| | | _____ | _____ |
| | | City    State    ZIP Code | City    State    ZIP Code |
| | | **How long employed there?** _____ | _____ |

## Part 2:   Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2.   $_____ | $_____ |
| 3. | **Estimate and list monthly overtime pay.** | 3.   + $_____ | + $_____ |
| 4. | **Calculate gross income.** Add line 2 + line 3. | 4.   $ **0.00** | $ **0.00** |

Case 15-80389-CRJ13    Doc 1    Filed 02/13/15    Entered 02/13/15 13:28:54    Desc Main
Document    Page 20 of 53

| | For Debtor 1 | For Debtor 2 or non-filing spouse | |
|---|---|---|---|
| Copy line 4 here ..................................................➜ 4. | $ 0.00 | $ 0.00 | |

5. List all payroll deductions:

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a. Tax, Medicare, and Social Security deductions | 5a. | $_____ | $_____ |
| 5b. Mandatory contributions for retirement plans | 5b. | $_____ | $_____ |
| 5c. Voluntary contributions for retirement plans | 5c. | $_____ | $_____ |
| 5d. Required repayments of retirement fund loans | 5d. | $_____ | $_____ |
| 5e. Insurance | 5e. | $_____ | $_____ |
| 5f. Domestic support obligations | 5f. | $_____ | $_____ |
| 5g. Union dues | 5g. | $_____ | $_____ |
| 5h. Other deductions. Specify: _____ | 5h. | + $_____ | + $_____ |

| 6. Add the payroll deductions. Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g +5h. | 6. | $ 0.00 | $ 0.00 |
|---|---|---|---|
| 7. Calculate total monthly take-home pay. Subtract line 6 from line 4. | 7. | $ 0.00 | $ 0.00 |

8. List all other income regularly received:

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 8a. Net income from rental property and from operating a business, profession, or farm<br>Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 0.00 | $ 0.00 |
| 8b. Interest and dividends | 8b. | $ 0.00 | $ 0.00 |
| 8c. Family support payments that you, a non-filing spouse, or a dependent regularly receive<br>Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ 0.00 |
| 8d. Unemployment compensation | 8d. | $ 0.00 | $ 0.00 |
| 8e. Social Security | 8e. | $ 1,373.00 | $ 1,219.00 |
| 8f. Other government assistance that you regularly receive<br>Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.<br>Specify: _____ | 8f. | $_____ | $_____ |
| 8g. Pension or retirement income | 8g. | $ 298.17 | $ 0.00 |
| 8h. Other monthly income. Specify: _____ | 8h. | + $_____ | + $_____ |

| 9. Add all other income. Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h. | 9. | $ 1,671.17 | $ 1,219.00 |
|---|---|---|---|
| 10. Calculate monthly income. Add line 7 + line 9.<br>Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $ 1,671.17 + | $ 1,219.00 = | $ 2,890.17 |

11. State all other regular contributions to the expenses that you list in *Schedule J*.

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*

Specify: **None** _____    11. + $ 0.00

12. Add the amount in the last column of line 10 to the amount in line 11. The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities and Related Data,* if it applies    12.    $ 2,890.17

**Combined monthly income**

13. Do you expect an increase or decrease within the year after you file this form?

☒ No.

☐ Yes. Explain:

Case 15-80389-CRJ13    Doc 1    Filed 02/13/15    Entered 02/13/15 13:28:54    Desc Main
Document    Page 21 of 53

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Wayne Allen Tidmore** |
| | First Name      Middle Name      Last Name |
| Debtor 2 | **Linda Reed Tidmore** |
| (Spouse, if filing) | First Name      Middle Name      Last Name |
| United States Bankruptcy Court for : | **Northern District of Alabama** |
| Case number (If known) | _____ |

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

☐ A separate filing for Debtor 2 because Debtor 2 maintains a separate household

Official Form B 6J

# Schedule J: Your Expenses

12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Describe Your Household

1. **Is this a joint case?**

   ☐ No. Go to line 2.

   ☒ Yes. **Does Debtor 2 live in a separate household?**

        ☒ No

        ☐ Yes. Debtor 2 must file a separate Schedule J.

2. **Do you have dependents?**

   Do not list Debtor 1 and Debtor 2.

   Do not state the dependents' names.

   ☒ No

   ☐ Yes. Fill out this information for each dependent..........................

   | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|
   | _____ | _____ | ☐ No   ☐ Yes |
   | _____ | _____ | ☐ No   ☐ Yes |
   | _____ | _____ | ☐ No   ☐ Yes |
   | _____ | _____ | ☐ No   ☐ Yes |
   | _____ | _____ | ☐ No   ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

   ☒ No

   ☐ Yes

## Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form B 6I).

| | | Your expenses |
|---|---|---|
| 4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4. | $ 750.00 |
| If not included in line 4: | | |
| 4a.   Real estate taxes | 4a. | $ _____ |
| 4b.   Property, homeowner's, or renter's insurance | 4b. | $ 142.00 |
| 4c.   Home maintenance, repair, and upkeep expenses | 4c. | $ 50.00 |
| 4d.   Homeowner's association or condominium dues | 4d. | $ _____ |

| | | Your expenses |
|---|---|---|

5. **Additional mortgage payments for your residence**, such as home equity loans    5.   $_____

6. **Utilities:**

   6a.   Electricity, heat, natural gas    6a.   $ **180.00**

   6b.   Water, sewer, garbage collection    6b.   $ **18.75**

   6c.   Telephone, cell phone, Internet, satellite, and cable services    6c.   $ **66.00**

   6d.   Other. Specify: __satellite tv__    6d.   $ **76.24**

7. **Food and housekeeping supplies**    7.   $ **600.00**

8. **Childcare and children's education costs**    8.   $ **0.00**

9. **Clothing, laundry, and dry cleaning**    9.   $ **30.00**

10. **Personal care products and services**    10.   $ **20.00**

11. **Medical and dental expenses**    11.   $ **100.00**

12. **Transportation.** Include gas, maintenance, bus or train fare.
Do not include car payments.    12.   $ **280.00**

13. **Entertainment, clubs, recreation, newspapers, magazines, and books**    13.   $ **25.00**

14. **Charitable contributions and religious donations**    14.   $ **25.00**

15. **Insurance.**
Do not include insurance deducted from your pay or included in lines 4 or 20.

   15a.   Life insurance    15a.   $ **0.00**

   15b.   Health insurance    15b.   $ **0.00**

   15c.   Vehicle insurance    15c.   $ **176.70**

   15d.   Other insurance. Specify:_____    15d.   $ **0.00**

16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20.
Specify: _____    16.   $ **0.00**

17. **Installment or lease payments:**

   17a.   Car payments for Vehicle 1    17a.   $_____

   17b.   Car payments for Vehicle 2    17b.   $_____

   17c.   Other. Specify:_____    17c.   $_____

   17d.   Other. Specify:_____    17d.   $_____

18. **Your payments of alimony, maintenance, and support that you did not report as deducted
from your pay on line 5, *Schedule I, Your Income* (Official Form B 6I)**    18.   $ **0.00**

19. **Other payments you make to support others who do not live with you.**
Specify: __N/A__    19.   $ **0.00**

20. **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.***

   20a.   Mortgages on other property    20a.   $ **0.00**

   20b.   Real estate taxes    20b.   $ **0.00**

   20c.   Property, homeowner's, or renter's insurance    20c.   $ **0.00**

   20d.   Maintenance, repair, and upkeep expenses    20d.   $ **0.00**

   20e.   Homeowner's association or condominium dues    20e.   $ **0.00**

Case 15-80389-CRJ13    Doc 1    Filed 02/13/15    Entered 02/13/15 13:28:54    Desc Main
Document    Page 23 of 53

| | | | |
|---|---|---|---|
| 21. | **Other**. Specify: _____ | 21. | +$ 0.00 |
| 22. | **Your monthly expenses.** Add lines 4 through 21.<br>The result is your monthly expenses. | 22. | $ 2,539.69 |

23. **Calculate your monthly net income.**

| | | | |
|---|---|---|---|
| 23a. | Copy line 12 (*your combined monthly income*) from *Schedule I*. | 23a. | $ 2,890.17 |
| 23b. | Copy your monthly expenses from line 22 above. | 23b. | – $ 2,539.69 |
| 23c. | Subtract your monthly expenses from your monthly income.<br>The result is your *monthly net income*. | 23c. | $ 350.48 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☒ No.

☐ Yes.     Explain here:

# UNITED STATES BANKRUPTCY COURT

### NORTHERN DISTRICT OF ALABAMA

### NORTHERN DIVISION

In re **Wayne Allen Tidmore and Linda Reed Tidmore** _____,

*Debtor*

Case No. _____

Chapter **13**_____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $ 118,670.00 | | |
| B - Personal Property | YES | 3 | $ 10,170.00 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $ 76,593.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 1 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 7 | | $ 18,722.03 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 2 | | | $ 2,890.17 |
| J - Current Expenditures of Individual Debtors(s) | YES | 3 | | | $ 2,539.69 |
| TOTAL | | 21 | $ 128,840.00 | $ 95,315.03 | |

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISION

In re **Wayne Allen Tidmore and Linda Reed Tidmore**_____,
        *Debtor*

Case No. _____

Chapter **13**_____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ 0.00 |
| Student Loan Obligations (from Schedule F) | $ 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ 0.00 |
| TOTAL | $ 0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 12) | $ 2,890.17 |
| Average Expenses (from Schedule J, Line 22) | $ 2,539.69 |
| Current Monthly Income (from Form 22A-1 Line 11; **OR**, Form 22B Line 14; **OR**, Form 22C-1 Line 14) | $ 298.17 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ 0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ 0.00 |
| 4. Total from Schedule F | | $ 18,722.03 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ 18,722.03 |

In re  **Wayne Allen Tidmore and Linda Reed Tidmore**_____ ,      Case No. _____
_____ **Debtor**                                                                **(if known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of  **23**  sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date **February 13, 2015**_____                    Signature: **s/Wayne Allen Tidmore**_____
                                                                                    **Wayne Allen Tidmore** Debtor

Date **February 13, 2015**_____                    Signature: **s/Linda Reed Tidmore**_____
                                                                                    **Linda Reed Tidmore** (Joint Debtor, if any)

[If joint case, both spouses must sign.]

------------------------------------------------------------------------------------------------------------
### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and  have provided the debtor with a copy of this document and the notices and information  required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3)  if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____          _____
Printed or Typed Name and Title, if any,                    Social Security No.
of Bankruptcy Petition Preparer                               *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____
_____
Address

X _____          _____
  Signature of Bankruptcy Petition Preparer                          Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156.*
-----------------------------------------------------------------------------------------------------------------------------

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date _____

                         Signature: _____

                                    _____
                                    [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*
-----------------------------------------------------------------------------------------------------------------------------
*Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.*

# UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISION

In re  Wayne Allen Tidmore , Linda Reed Tidmore                   Case No. _____
　　　　　　　　　Debtor

### EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
### CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

❏ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

❐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❐ 4. I am not required to receive a credit counseling briefing because of:

❐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
❐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.**);**
❐ Active military duty in a military combat zone.

❐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. ' 109(h) does not apply in this district**.**

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: s/Wayne Allen Tidmore _____

Date: February 13, 2015 _____

2

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

In re  Wayne Allen Tidmore, Linda Reed Tidmore          Case No.  _____
                              Debtor

### EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
### CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

❏ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

❒ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❒ 4. I am not required to receive a credit counseling briefing because of:

❒ **Incapacity.** (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
❒ **Disability.** (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.**);**
❒ **Active military duty in a military combat zone.**

❒ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. ' 109(h) does not apply in this district**.**

**I certify under penalty of perjury that the information provided above is true and correct.**


Signature of Joint Debtor:  s/Linda Reed Tidmore

Date: February 13, 2015

2

# UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

In re: Wayne Allen Tidmore and Linda Reed Tidmore     Case No _____
                 Debtor                                                           (if known)

## STATEMENT OF FINANCIAL AFFAIRS

1. **Income from employment or operation of business**

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|  | AMOUNT | SOURCE |
|---|---|---|
| Debtor: | | |
| | Current Year (2015): | |
| | $2,746.00 | SSA |
| | Previous Year 1 (2014): | |
| | $16,476.00 | SSA |
| | Previous Year 2 (2013): | |
| | $16,476.00 | SSA |
| Spouse: | | |
| | Current Year (2015): | |
| | $2,438.00 | SSA |
| | Previous Year 1 (2014): | |
| | $14,628.00 | SSA |
| | Previous Year 2 (2013): | |
| | $14,628.00 | SSA |

**2. Income other than from employment or operation of business**

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

                 AMOUNT                                       SOURCE

Debtor:

    Current Year (2015):
$596.34                              Alcoa retirement

    Previous Year 1 (2014):
$3,578.00                          Alcoa retirement

    Previous Year 2 (2013):
$3,578.00                          Alcoa retirement

Spouse:
    N/A

---

### 3. Payments to creditors

*Complete a. or b., as appropriate, and c.*

None ☐

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Debtor:<br>Citifinancial<br>PO Box 183172<br>Columbus, OH 43218-3172 | 02/2015, 01/2015, 12/2014 | $2,250.00 | $71,534.00 |
| Spouse:<br>N/A | | | |

None ☒

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

---

* *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

None
☒

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
☒

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None
☒

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**5. Repossessions, foreclosures and returns**

None
☒

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**6. Assignments and receiverships**

None
☒

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
☒

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

---

**7. Gifts**

None
☒

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

---

**8. Losses**

None
☒

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

---

**9. Payments related to debt counseling or bankruptcy**

None
☒

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**10. Other transfers**

None
☒

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |

None
☒

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

**11. Closed financial accounts**

None
☒

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

**12. Safe deposit boxes**

None
☒

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

**13. Setoffs**

None
☒

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

**14. Property held for another person**

None
☒

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

**15. Prior address of debtor**

None
☒

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

**16. Spouses and Former Spouses**

None
☒

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information**.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites. "

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☒

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☒

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☒

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18 . Nature, location and name of business**

None ☒

a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None ☒

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                    ADDRESS

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

None ☒

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                    DATES SERVICES RENDERED

None ☒

b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                        ADDRESS                        DATES SERVICES RENDERED

None ☒

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                    ADDRESS

None ☒

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                                    DATE ISSUED

---

**20. Inventories**

None

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the

☒    taking of each inventory, and the dollar amount and basis of each inventory.

|  |  | DOLLAR AMOUNT<br>OF INVENTORY<br>(Specify cost, market or other basis) |
|---|---|---|
| DATE OF INVENTORY | INVENTORY SUPERVISOR |  |

None
☒    b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

|  | NAME AND ADDRESSES<br>OF CUSTODIAN |
|---|---|
| DATE OF INVENTORY | OF INVENTORY RECORDS |

---

### 21. Current Partners, Officers, Directors and Shareholders

None
☒    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None
☒    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

|  |  | NATURE AND PERCENTAGE |
|---|---|---|
| NAME AND ADDRESS | TITLE | OF STOCK OWNERSHIP |

---

### 22. Former partners, officers, directors and shareholders

None
☒    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None
☒    b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

---

### 23 . Withdrawals from a partnership or distributions by a corporation

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

None ☒

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 24. Tax Consolidation Group.

None ☒

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|---|---|

### 25. Pension Funds.

None ☒

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|---|---|

* * * * * *

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  February 13, 2015                 Signature of Debtor    s/Wayne Allen Tidmore

Date  February 13, 2015                 Signature of Joint Debtor (if any)    s/Linda Reed Tidmore

0 continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

<table>
<tr><td colspan="2"><strong>Fill in this information to identify your case:</strong></td></tr>
</table>

Debtor 1    **Wayne Allen Tidmore**
First Name    Middle Name    Last Name

Debtor 2    **Linda Reed Tidmore**
(Spouse, if filing) First Name    Middle Name    Last Name

United States Bankruptcy Court for :   **NORTHERN DISTRICT OF ALABAMA**
(State)

Case number
(If known)    _____

**Check as directed in lines 17 and 21:**

According to the calculations required by this Statement:

☒ 1. Disposable income is not determined under 11 U.S.C. § 1325(b)(3).

☐ 2. Disposable income is determined under 11 U.S.C. § 1325(b)(3).

☒ 3. The commitment period is 3 years.

☐ 4. The commitment period is 5 years.

☐ Check if this is an amended filing

Official Form 22C–1

# Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period
12/14

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

## Part 1:   Calculate Your Average Monthly Income

1. **What is your marital and filing status?** Check one only.

   ☐ **Not married.** Fill out Column A, lines 2-11.

   ☒ **Married.** Fill out both Columns A and B, lines 2-11.

   **Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case.** 11 U.S.C § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $_____ 0.00 | $_____ 0.00 |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $_____ 0.00 | $_____ 0.00 |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | $_____ 0.00 | $_____ 0.00 |

5. **Net income from operating a business, profession, or farm**

| | | | |
|---|---|---|---|
| Gross receipts (before all deductions) | $_____ 0.00 | | |
| Ordinary and necessary operating expenses | – $_____ 0.00 | | |
| Net monthly income from a business, profession, or farm | $_____ 0.00   Copy here ➔ | $_____ 0.00 | $_____ 0.00 |

6. **Net income from rental and other real property**

| | | | |
|---|---|---|---|
| Gross receipts (before all deductions) | $_____ 0.00 | | |
| Ordinary and necessary operating expenses | – $_____ 0.00 | | |
| Net monthly income from rental or other real property | $_____ 0.00   Copy here ➔ | $_____ 0.00 | $_____ 0.00 |

| | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|

7. **Interest, dividends, and royalties** — $ 0.00 / $ 0.00

8. **Unemployment compensation** — $ 0.00 / $ 0.00

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here: ................................. ↓

For you.................................................... $_____

For your spouse ........................................ $_____

9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. — $ 298.17 / $ 0.00

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism. If necessary, list other sources on a separate page and put the total on line 10c.

10a. **N/A** _____ $ 0.00 / $ 0.00

10b. _____ $_____ / $_____

10c. Total amounts from separate pages, if any. + $ 0.00 / + $ 0.00

11. **Calculate your total average monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.

$ 298.17 + $ 0.00 = $ 298.17

**Total average monthly income**

## Part 2:  Determine How to Measure Your Deductions from Income

12. **Copy your total average monthly income from line 11.** ......................................................... $ 298.17

13. **Calculate the marital adjustment.** Check one:

☐ You are not married. Fill in 0 in line 13d.

☒ You are married and your spouse is filing with you. Fill in 0 in line 13d.

☐ You are married and your spouse is not filing with you.

Fill in the amount of the income listed in line 11, Column B, that was NOT regularly paid for the household expenses of you or your dependents, such as payment of the spouse's tax liability or the spouse's support of someone other than you or your dependents.

In lines 13a-c, specify the basis for excluding this income and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page.

If this adjustment does not apply, enter 0 on line 13d.

13a. _____ $_____

13b. _____ $_____

13c. _____ + $_____

13d. Total ......................................................... $ 0.00     Copy here. ➔ 13d.  — 0.00

14. **Your current monthly income.** Subtract line 13d from line 12.     14.   $ 298.17

15. **Calculate your current monthly income for the year.** Follow these steps:

15a. Copy line 14 here ➔ ......................................................................................... 15a.   $ 298.17

Multiply line 15a by 12 (the number of months in a year).     x  12

15b. The result is your current monthly income for the year for this part of the form.     15b.   $ 3,578.04

16. **Calculate the median family income that applies to you.** Follow these steps:

     16a. Fill in the state in which you live.      __AL__

     16b. Fill in the number of people in your household.      __2__

     16c. Fill in the median family income for your state and size of household.............................................16c.   $ __49,806.00__

         To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

17. **How do the lines compare?**

     17a. ☒ Line 15b is less than or equal to line 16c. On the top of page 1 of this form, check box 1, *Disposable income is not determined under 11 U.S.C. § 1325(b)(3).* **Go to Part 3.** Do NOT fill out *Calculation of Disposable Income* (Official Form 22C–2).

     17b. ☐ Line 15b is more than line 16c. On the top of page 1 of this form, check box 2, *Disposable income is determined under 11 U.S.C. § 1325(b)(3).* **Go to Part 3 and fill out Calculation of Disposable Income (Official Form 22C–2).** On line 39 of that form, copy your current monthly income from line 14 above.

---

| **Part 3:** | Calculate Your Commitment Period Under 11 U.S.C. §1325(b)(4) |
|---|---|

18. **Copy your total average monthly income from line 11.** ....................................................................18.   $ __298.17__

19. **Deduct the marital adjustment if it applies.** If you are married, your spouse is not filing with you, and you contend that calculating the commitment period under 11 U.S.C. § 1325(b)(4) allows you to deduct part of your spouse's income, copy the amount from line 13d.

     If the marital adjustment does not apply, fill in 0 on line 19a.      19a. — $ __0.00__

     **Subtract line 19a from line 18.**      19b.   $ __298.17__

20. **Calculate your current monthly income for the year.** Follow these steps:

     20a. Copy line 19b..........................................................................................................................20a.   $ __298.17__

         Multiply by 12 (the number of months in a year).      x __12__

     20b. The result is your current monthly income for the year for this part of the form.      20b.   $ __3,578.04__

     20c. Copy the median family income for your state and size of household from line 16c. .....................    $ __49,806.00__

21. **How do the lines compare?**

     ☒ Line 20b is less than line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 3, *The commitment period is 3 years.* Go to Part 4.

     ☐ Line 20b is more than or equal to line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 4, *The commitment period is 5 years.* Go to Part 4.

---

| **Part 4:** | Sign Below |
|---|---|

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

✗ __s/Wayne Allen Tidmore__          ✗ __s/Linda Reed Tidmore__
Signature of Debtor 1                       Signature of Debtor 2

Date __02/13/2015__                Date __02/13/2015__
     MM / DD    / YYYY                       MM / DD    / YYYY

If you checked 17a, do NOT fill out or file Form 22C–2.

If you checked 17b, fill out Form 22C–2 and file it with this form. On line 39 of that form, copy your current monthly income from line 14 above.

Case 15-80389-CRJ13    Doc 1    Filed 02/13/15    Entered 02/13/15 13:28:54    Desc Main
Document    Page 44 of 53

B 203
(12/94)

# United States Bankruptcy Court

## NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

**In re**

**Wayne Allen Tidmore and Linda Reed Tidmore**

Case No. _____

**Debtor**

Chapter **13**_____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **2,500.00**_____

Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **0.00**_____

Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **2,500.00**_____

2. The source of the compensation paid to me was:

   [X] Debtor          [ ] Other (specify)

3. The source of compensation to be paid to me is:

   [X] Debtor          [ ] Other (specify)

4. [X] I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   [ ] I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

**DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR (Continued)**

d. ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters;~~ ----------------

e. [Other provisions as needed]

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

---

<div style="border:1px solid">

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceedings.

**February 13, 2015**          **s/Michael F.Terry**
*Date*                    **Michael F. Terry**
                           *Signature of Attorney*

                           **Michael F. Terry, Attorney**
                              *Name of law firm*

</div>

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ALABAMA

In Re:                                                    Case No.

      **Wayne Allen Tidmore and Linda Reed Tidmore**

      Debtor(s)

## DECLARATION RE: ELECTRONIC FILING OF
## PETITION, SCHEDULES & STATEMENTS

## PART I - DECLARATION OF PETITIONER
      **Wayne Allen Tidmore and Linda Reed Tidmore**

      I (WE) _____, the undersigned debtor(s), *hereby declare under penalty of perjury* that the information provided in the electronically filed petition, statements, and schedules is true and correct and that I signed these documents prior to electronic filing. I consent to my attorney sending my petition, statements and schedules to the United States Bankruptcy Court. I understand that this DECLARATION RE: ELECTRONIC FILING is to be executed at the First Meeting of Creditors and filed with the Trustee. I understand that failure to file the signed and dated original of this DECLARATION may cause my case to be dismissed pursuant to 11 U.S.C. § 707(a)(3) without further notice. I (we) further declare under penalty of perjury that I (we) signed the original Statement of Social Security Number (s), (Official Form B21), prior to the electronic filing of the petition and have verified the 9-digit social security number displayed on the Notice of Meeting of Creditors to be accurate.

[X]     If petitioner is an individual whose debts are primarily consumer debts and who has chosen to file under a chapter: I am aware that I may proceed under chapter 7, 11, 12 or 13 of Title 11, United States Code, understand the relief available under each chapter, and choose to proceed under this chapter. I request relief in accordance with the chapter specified in this petition. I (WE) and, the undersigned debtor(s), *hereby declare under penalty of perjury* that the information provided in the electronically filed petition, statements, and schedules is true and correct.

[ ]     If petitioner is a corporation or partnership: I declare under a penalty of perjury that the information provided in the electronically filed petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. The debtor requests relief in accordance with the chapter specified in this petition.

[ ]     If petitioner files an application to pay filing fees in installments: I certify that I completed an application to pay the filing fee in installments. I am aware that if the fee is not paid within 120 days of the filing date of filing the petition, the bankruptcy case may be dismissed and, if dismissed, I may not receive a discharge of my debts.

Dated: **February 13, 2015**

Signed: **s/Wayne Allen Tidmore**                  **s/Linda Reed Tidmore**
          (Applicant)                                  (Joint Applicant)

## PART II - DECLARATION OF ATTORNEY

      I *declare under penalty of perjury* that the debtor(s) signed the petition, schedules, statements, etc., including the Statement of Social Security Number(s) (Official Form B21) before I electronically transmitted the petition, schedules, and statements to the United States Bankruptcy Court, and have followed all other requirements in Administrative Orders and Administrative Procedures, including submission of the electronic entry of the debtor(s) Social Security number into the Court's electronic records. If an individual, I further declare that I have informed the petitioner (if an individual) that [he or she] may qualify to proceed under chapter 7, 11, 12 or 13 of Title 11, United States Code, and have explained the relief available under each chapter. This declaration is based on the information of which I have knowledge.

Dated: **February 13, 2015**           Attorney for Debtor(s) **s/Michael F.Terry**

                                           **Michael F. Terry**

                 Address of Attorney   **PO Box 581**

                                           **Moulton, Alabama 35650**

In re: **Wayne Allen Tidmore and Linda Reed Tidmore**

Case No. _____

Chapter **13**

# APPLICATION/ORDER FOR FEES

Memorandum of Receipts and Disbursements;
Statement of Attorney Pursuant to Bankruptcy Rule 2016(b);
and Order Thereon

**TO THE HONORABLE BANKRUPTCY JUDGE:**

Applicant hereby makes application for fees and represents that the fee arrangement in this proceeding is as follows:

1. That Applicant, as attorney for the debtor, has performed all services necessary for the confirmation of the Debtor's Plan. The services include interviews with debtor; the preparation and filing of the Debtor's Petition, Chapter 13 Statement, Plan and Plan Analysis; and appearance at the § 341 meeting and confirmation hearing.

2. That Applicant believes a reasonable fee for said services to be **$2,500.00** and prays that said fee be approved and allowed.

3. That Applicant has received payments from the debtor and made disbursements on behalf of the debtor, as follows:

| | |
|---|---|
| Total Received | **$310.00** |
| Disbursements: | |
| Filing fee | **$310.00** |
| Trustee | |
| Other | |
| Total Disbursements: | **$310.00** |
| Amount applied to attorneys' fees | **$0.00** |
| Balance of attorneys' fees | **$2,500.00** |

The total amount of money paid to attorney on behalf of debtor within one (1) year of the date of filing is the sum of **$2,500.00** including fees reserved for Chapter 13.

4. That in addition to the foregoing statements, Applicant makes the following statements pursuant to Bankruptcy Rule 2016(b):

(a) The details set forth by the debtor herein in the Chapter 13 Statement concerning compensation paid and compensation promised to be paid to his attorney of record is a true, complete and accurate statement of the agreement between the debtor and the attorney of record for legal services rendered and to be rendered herein.

(b) The source of the monies paid by the debtor to the attorney of record to the best of the knowledge and belief of said attorney was:

(c) The attorney of record has not shared or agreed to share, other than with members of the law firm or corporation, any of said compensation with any other person except:

Dated: **February 13, 2015**

**s/Michael F.Terry**

**Michael F. Terry**

Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT
## Northern District of Alabama
## Northern Division

## STATEMENT OF INFORMATION REQUIRED BY 11 U.S.C. § 341

INTRODUCTION

        Pursuant to the Bankruptcy Reform Act of 1994, the Office of the United States Bankruptcy Administrator has prepared this information sheet to help you understand some of the possible consequences of filing a bankruptcy petition under chapter 7 of the Bankruptcy Code. This information is intended to make you aware of -

        (1) the potential consequences of seeking a discharge in bankruptcy,
            including the effects on credit history;
        (2) the effect of receiving a discharge of debts in bankruptcy;
        (3) the effect of reaffirming a debt; and
        (4) your ability to file a petition under a different chapter of the Bankruptcy
            Code.

        There are many other provisions of the Bankruptcy Code that may affect your situation. This statement contains only general principles of law and is not a substitute for legal advice. If you have any questions or need further information as to how the bankruptcy laws apply to your specific case, you should consult with your lawyer.

WHAT IS A DISCHARGE?

        The filing of a chapter 7 petition is designed to result in a discharge of most of the debts you listed in your bankruptcy schedules. A discharge is a court order that says that you do not have to repay your debts, but there are a number of exceptions. Debts which usually may not be discharged in your chapter 7 case include, for example, most taxes, child support, alimony, and student loans; court-ordered fines and restitution; debts obtained through fraud or deception; debts which were not listed in your bankruptcy schedules; and personal injury debts caused by driving while intoxicated or taking drugs. Your discharge may be denied entirely if you, for example, destroy or conceal property; destroy, conceal or falsify records; or make a false oath. Creditors cannot ask you to repay debts which have been discharged. You can only receive a chapter 7 discharge once every eight (8) years.

WHAT ARE THE POTENTIAL EFFECTS OF A DISCHARGE?

        The fact that you filed bankruptcy can appear on your credit report for as long as 10 years. Thus, filing a bankruptcy petition may affect your ability to obtain credit in the future. Also, you may not be excused from repaying debts that were not listed on your bankruptcy schedules or that you incurred after you filed bankruptcy. There are exceptions to this general statement. See your lawyer if you have questions.

WHAT ARE THE EFFECTS OF REAFFIRMING A DEBT?

        After you file your bankruptcy petition, a creditor may ask you to reaffirm a certain debt or you may seek to do so on your own. Reaffirming a debt means that you sign and file with the court a legally enforceable document which states that you promise to repay all or a portion of the debt that may otherwise have been discharged in your bankruptcy case. Reaffirmation agreements must generally be filed with the court sixty (60) days after the first meeting of creditors.

        Reaffirmation agreements are strictly voluntary. They are not required by the Bankruptcy Code or other state or federal law. You can voluntarily repay any debt instead of signing a reaffirmation agreement, but there may be valid reasons for wanting to reaffirm a particular debt. This is particularly true when property you wish to retain is collateral for a debt.

        Reaffirmation agreements must not impose an undue burden on you or your dependents and must be in your best interest. If you decide to sign a reaffirmation agreement, you may cancel it at any time before the court issues an order of discharge or within sixty (60) days after you filed the reaffirmation agreement with the court, whichever is later.

        If you reaffirm a debt and fail to make the payments as required in the reaffirmation agreement, the creditor can take action against you to recover any property that was given as security for the loan and you may remain personally liable for any deficiency. In addition, creditors may seek other remedies, such as garnishment of wages.

OTHER BANKRUPTCY OPTIONS

You have a choice in deciding what chapter of the Bankruptcy Code will best suit your needs. Even if you have already filed for relief under chapter 7, you may be eligible to convert your case to a different chapter.

Chapter 7 is the liquidation chapter of the Bankruptcy Code. Under chapter 7, a trustee is appointed to collect and sell, if economically feasible, all property you own that is not exempt from these actions.

Chapter 11 is the reorganization chapter most commonly used by businesses, but it is also available to individuals. Creditors vote on whether to accept or reject a plan, which also must be approved by the court. While the debtor normally remains in control of the assets, the court can order the appointment of a trustee to take possession and control of the business.

Chapter 12 offers bankruptcy relief to those who qualify as family farmers. Family farmers must propose a plan to repay their creditors over a three-to-five year period and it must be approved by the court. Plan payments are made through a chapter 12 trustee, who also monitors the debtors' farming operations during the pendency of the plan.

Finally, chapter 13 generally permits individuals to keep their property by repaying creditors out of their future income. Each chapter 13 debtor writes a plan which must be approved by the bankruptcy court. The debtors must pay the chapter 13 trustee the amount set forth in their plan. Debtors receive a discharge after they complete their chapter 13 repayment plan. Chapter 13 is only available to individuals with regular income whose debts do not exceed $1,000,000 ($250,000 in unsecured debts and $750,000 in secured debts).

AGAIN, PLEASE SPEAK TO YOUR LAWYER IF YOU NEED FURTHER INFORMATION OR EXPLANATION, INCLUDING HOW THE BANKRUPTCY LAWS RELATE TO YOUR SPECIFIC CASE.

By signing below, I/we acknowledge that I/we have received a copy of this document, and that I/we have had an opportunity to discuss the information in this document with an attorney of my/our choice.

Date **February 13, 2015**

**s/Wayne Allen Tidmore**
**Wayne Allen Tidmore**

**s/Linda Reed Tidmore**
**Linda Reed Tidmore**

2

In re: **Wayne Allen Tidmore and Linda Reed Tidmore**

Case No. _____

<div align="center">**Debtors**</div>

Chapter **13** _____

# VERIFICATION OF CREDITOR MATRIX

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors is complete, correct and consistent with the debtor's schedules pursuant to Local Bankruptcy Rules and I/we assume all responsibility for errors and omissions.

Dated: **February 13, 2015** _____     Signed: **s/Wayne Allen Tidmore** _____

Dated: **February 13, 2015** _____     Signed: **s/Linda Reed Tidmore** _____

## WRITTEN NOTICE REQUIRED UNDER SECTION 527(a)(2)

All information that you are required to provide with a petition and thereafter during a case under title 11 ("Bankruptcy") of the United States Code is required to be complete, accurate, and truthful.

All assets and all liabilities are required to be completely and accurately disclosed in the documents filed to commence the case, and the replacement value of each asset as defined in title 11 United States Code section 506 must be stated in those documents where requested after reasonable inquiry to establish such value.

Current monthly income, the amounts specified in section 707(b)(2), and, in a case under chapter 13 of title 11, disposable income (determined in accordance with section 707(b)(2)), are required to be stated after reasonable inquiry.

Information that you provide during your case may be audited pursuant to title 11. Failure to provide such information may result in dismissal of the case under title 11 or other sanction, including criminal sanctions.

Date __**February 13, 2015**_____        **s/Wayne Allen Tidmore**_____

**Wayne Allen Tidmore**
Debtor

**s/Linda Reed Tidmore**_____

**Linda Reed Tidmore**
Joint Debtor

**s/Michael F.Terry**_____

**Michael F. Terry**

Attorney for Debtor(s)

## IMPORTANT INFORMATION ABOUT BANKRUPTCY ASSISTANCE
## SERVICES FROM AN ATTORNEY OR BANKRUPTCY PETITION PREPARER

If you decide to seek bankruptcy relief, you can represent yourself, you can hire an attorney to represent you, or you can get help in some localities from a bankruptcy petition preparer who is not an attorney. THE LAW REQUIRES AN ATTORNEY OR BANKRUPTCY PETITION PREPARER TO GIVE YOU A WRITTEN CONTRACT SPECIFYING WHAT THE ATTORNEY OR BANKRUPTCY PETITION PREPARER WILL DO FOR YOU AND HOW MUCH IT WILL COST. Ask to see the contract before you hire anyone.

The following information helps you understand what must be done in a routine bankruptcy case to help you evaluate how much service you need. Although bankruptcy can be complex, many cases are routine.

Before filing a bankruptcy case, either you or your attorney should analyze your eligibility for different forms of debt relief available under the Bankruptcy Code and which form of relief is most likely to be beneficial for you. Be sure you understand the relief you can obtain and its limitations. To file a bankruptcy case, documents called a Petition, Schedules and Statement of Financial Affairs, as well as in some cases a Statement of Intention need to be prepared correctly and filed with the bankruptcy court. You will have to pay a filing fee to the bankruptcy court. Once your case starts, you will have to attend the required first meeting of creditors where you may be questioned by a court official called a "trustee" and by creditors.

If you choose to file a chapter 7 case, you may be asked by a creditor to reaffirm a debt. You may want help deciding whether to do so. A creditor is not permitted to coerce you into reaffirming your debts.

If you choose to file a chapter 13 case in which you repay your creditors what you can afford over 3 to 5 years, you may also want help with preparing your chapter 13 plan and with the confirmation hearing on your plan which will be before a bankruptcy judge.

If you select another type of relief under the Bankruptcy Code other than chapter 7 or chapter 13, you will want to find out what should be done from someone familiar with that type of relief.

Your bankruptcy case may also involve litigation. You are generally permitted to represent yourself in litigation in bankruptcy court, but only attorneys, not bankruptcy petition preparers, can give you legal advice.

Date **February 13, 2015**

**s/Wayne Allen Tidmore**

**Wayne Allen Tidmore**
Debtor

**s/Linda Reed Tidmore**

**Linda Reed Tidmore**
Joint Debtor

**s/Michael F.Terry**

**Michael F. Terry**

Attorney for Debtor(s)

This disclosure is provided to assisted persons pursuant to 11 U.S.C. §527(b)